Loren W. Collins
e-mail: collins@stebbinsandcoffey.com
Stebbins Coffey & Collins
P.O. Box 1006
North Bend, OR  97459
Tel. 541.756.2066
Facsimile 541.756.2060
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **SUSAN BLAKE,** | Civil No.:  1:14-1559 |
| Plaintiff, | **COMPLAINT** |
| v. | **CIVIL RIGHTS ACTION** |
| | Civil Rights Action |
| **CURRY HEALTH DISTRICT, ANDREW BAIR** in his individual capacity, **LORA MAXWELL** in her individual capacity, **PAMELA BROWN** in her individual capacity, **TERRI TOMBERLIN** in her individual capacity. | (29 U.S.C. §§ 621 – 634, 42 U.S.C. §§ 12181, et. seq.; ORS 659A.030, ORS 659A.112, et. seq., ORS 441.174) |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff alleges:

## NATURE OF THE ACTION

1.      This is an action for monetary damages, including punitive damages and attorney's fees and costs, to redress unlawful employment practices to which Defendants subjected Plaintiff in violation of Plaintiff's federal rights under the Age Discrimination in Employment Act ("ADEA"), 29 USC § 621, et. seq., Americans with Disabilities Act ("ADA"), 42 USC § 12181, et. seq., and Procedural Due Process under

*Page - 1 - Complaint*

42 USC § 1983,; state statutory rights under ORS 659A.030, ORS 659A.199, ORS 659A.112, et. seq., and ORS 659A.203; as well as the common law torts of Defamation, Intentional Infliction of Emotional Distress and Wrongful Discharge.

## JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1343, civil rights jurisdiction.  Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367, with respect to all claims for relief based on Oregon statutory claims, because the state claims arise from the same nucleus of operative facts as the federal claims.

3.      Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b), because the claims arose in this judicial district and Defendant Curry Health District resides in this district.  Pursuant to LR 3-2 (a)(4) actions in Curry County are heard in the Medford Division.

4.      Plaintiff brings this action under the ADEA, 29 U.S.C. § 621, *et. seq.,* and the ADA, 42 U.S.C. § 12181, *et. seq.,* within ninety (90) days of receipt of a Notice of Right to File a Civil Suit issued by the Equal Employment Opportunity Commission ("EEOC") on August 12, 2014.

## PARTIES

5.      Plaintiff Susan Blake is currently a resident of Smith River, California.  At all times material herein, Ms. Blake was an employee of Defendant Curry Health District at Curry General Hospital.  Ms. Blake is 60 years old.

*Page - 2 - Complaint*

6.      Defendant Curry Health District. (hereinafter referred to as "CHD") is a health district, special district, and a municipal corporation organized under ORS 440.315 et. seq., authorized to do business in Oregon, and in good standing with the State of Oregon.  At all times material herein, Defendant CHD owned, operated, and did business as Curry General Hospital in Gold Beach, Oregon.

7.      At all times material herein Defendant Andrew Bair (hereinafter "Bair") was the Chief Executive Officer (CEO) at Curry General Hospital in Gold Beach, Oregon.  Bair became CEO in November of 2012.  At all times material herein, Bair was employed by CHD.

8.      Defendant Lora Maxwell (hereinafter "Maxwell") is the Chief Nursing Officer (CNO) at Curry General Hospital in Gold Beach, Oregon.  At all times material herein, Maxwell was employed by CHD.

9.      Defendant Pamela Brown (hereinafter "Brown") is the Director of Risk Management and Quality Assurance at Curry General Hospital in Gold Beach, Oregon.  At all times material herein, Brown was employed by CHD.

10.     Defendant Terri Tomberlin (hereinafter "Tomberlin") is the Personnel Director at Curry General Hospital in Gold Beach, Oregon.  At all material times herein, Tomberlin was employed by CHD.

## GENERAL ALLEGATIONS

11.     Ms. Blake is a registered nurse with 38 years of international experience.  Prior to the events here set down, Ms. Blake received excellent evaluations.  Prior to the events

*Page - 3 - Complaint*

here set down, Ms. Blake had never been counseled or disciplined or received any other indication that his work was less than exemplary.

12.    On or about August, 2012, Ms. Blake became employed by CHD.

13.    Beginning in November of 2012, Ms. Blake and many of her colleagues have been subject to harassment, unnecessary discriminatory actions and a generally hostile work environment.  Upon information and belief, this environment has resulted in the loss due to termination or resignation of over a dozen nurses, replaced by younger hires.

14.    On or about September 26, 2013, Ms. Blake received her first and only formal discipline from CHD.  In said discipline it was alleged that Ms. Blake had verbally mistreated a patient and the patient's husband, that Ms. Blake had physically grabbed and mistreated a student nurse and that Ms. Blake had engaged in unacceptable behavior with a trauma patient's family.

15.    On or about September 30, 2013, Ms. Blake wrote a response to the incidents described in paragraph 14.  Ms. Blake received no reply to her response.  Instead, on or about October 16, 2013, Ms. Blake was terminated from her position with CHD by Defendant Bair.  In the letter of termination Defendant Bair alleged additional misconduct, which Ms. Blake was not allowed to rebut in any way.  Ms. Blake was given no hearing or opportunity to be heard with respect to the termination.

16.    At the time of her termination Ms. Blake was making $37.00 per hour, with an annual income of approximately $76,900 per year.  Ms. Blake also accumulated paid time off in an amount to be determined at or before trial and had an employer match amount to her 403(b) account in an amount to be determined at or before trial.

17.     On or about June 9, 2014, Ms. Blake secured new employment at the Humboldt Open Door Community Health Center in Arcata, California at the lower rate of pay at $34.92 per hour.  Ms. Blake earns $72,600 per year at the Open Door Community Health Center, which represents an income loss of $4,360 per year.  She has no paid time off at her new place of employment nor does she receive an employer match for her 403(b) account.

## FIRST CLAIM FOR RELIEF

### Violations of 42 USC § 1983, Procedural Due Process against Curry Health District and Pamela Brown, Lora Maxwell, Andrew Bair, and Terri Tomberlin in their Individual Capacities

18.     Ms. Blake re-alleges paragraphs 1 – 17 and incorporates said paragraphs herein by this reference.

19.     Ms. Blake had a legitimate expectation of continued employment in her position based on policies and work practices of the CHD and its status as a public employer.

20.     CHD, Brown, Maxwell, Bair, and Tomberlin deprived Ms. Blake of her constitutionally protected property interest in the legitimate expectation of continued employment.

21.     CHD, Brown, Maxwell, Bair, and Tomberlin did not provide Ms. Blake with adequate and sufficient notice that they contemplated her termination prior to terminating her.

22. CHD, Brown, Maxwell, Bair, and Tomberlin did not provide Ms. Blake with a hearing prior to her termination. Moreover, the alleged causes of her termination were false.

23. As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and continues to suffer, loss of employment from the date she was terminated on October 16, 2014 until June 9, 2014, reduction of income and added inconvenience at her new job, loss of income, and loss of employment benefits, including back pay in the amount of $50,871.33 plus benefits and front pay in an amount to be determined at trial.

24. As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and will continue to suffer emotional distress and the loss of enjoyment of life, and is entitled to an award of compensatory damages in the amount of $500,000.00.

25. Ms. Blake is further entitled to such other equitable relief as the court may find appropriate.

26. The conduct of Brown, Maxwell, Bair, and Tomberlin was outrageous in the extreme and in deliberate disregard of Ms. Blake's federally protected rights. Ms. Blake is entitled to an award of punitive damages in an amount to be determined.

27. Ms. Blake was deprived of her procedural due process rights, and is entitled to recover reasonable attorney's fees and costs from Defendants pursuant to 42 U.S.C.1988.

//


//

## SECOND CLAIM FOR RELIEF

## Violations of 29 U.S.C. §§ 621, et seq., Age Discrimination Against Curry Health District

28.     Ms. Blake re-alleges paragraphs 1 – 17 and 19 - 27 and incorporates said paragraphs herein by this reference.

29.     At all times material herein Ms. Blake was over the age of 40, a member of the class protected by the ADEA.

30.     At all times material herein Ms. Blake was employed by CHD and was performing her job satisfactorily.

31.     Ms. Blake was discharged.

32.     Upon information and belief, Ms. Blake's position has been filled by a younger person of equal or inferior qualifications and/or the discharge occurred under circumstances giving rise to an inference of age discrimination.

33.     CHD engaged in unlawful discrimination of Ms. Blake based on her age and experience.

34.     Ms. Blake's age was either the sole factor, or a motivating factor, in CHD's decision to terminate Ms. Blake.

35.     On or about February 19, 2014, Ms. Blake filed an employment discrimination complaint with the Equal Employment Opportunity Commission (EEOC) for discrimination on the basis of age, Case No. 551-2014-00223.

36.     On or about August 12, 2014, the EEOC issued a Notice of Right to File a Civil Suit in Case No. 551-2014-00223.

37. As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and continues to suffer, loss of employment from the date she was terminated on October 16, 2014 until June 9, 2014, reduction of income and added inconvenience at her new job, loss of income, and loss of employment benefits, including back pay in the amount of $50,871.33 plus benefits and front pay in an amount to be determined at trial.

38. Ms. Blake is further entitled to such liquidated damages as the court may find appropriate.

39. Ms. Blake is further entitled to such other equitable relief as the court may find appropriate.

40. Pursuant to 42 U.S.C. § 1988, Ms. Blake is entitled to an award of attorney's fees, expert fees and costs incurred herein.

### THIRD CLAIM FOR RELIEF

**Unlawful Employment Practices – ORS 659A.030 – Age Discrimination Against Curry Health District**

41. Ms. Blake re-alleges paragraphs 1 – 17, 19 – 27 and 29 - 40 and incorporates said paragraphs herein by this reference.

42. Ms. Blake is a sixty year-old person otherwise qualified for positions at CHD under ORS 659A.030.

43. CHD is an employer as defined under ORS 659A.106.

44. CHD discriminated against Ms. Blake by terminating her based on her age. CHD's discriminatory acts are in violation of Oregon law.

45. As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and continues to suffer, loss of employment from the date she was terminated on October 16, 2014 until June 9, 2014, reduction of income and added inconvenience at her new job, loss of income, and loss of employment benefits, including back pay in the amount of $50,871.33 plus benefits and front pay in an amount to be determined at trial.

46. As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and will continue to suffer emotional distress and the loss of enjoyment of life, and is entitled to an award of compensatory damages in the amount of $500,000.00.

47. Ms. Blake is further entitled to such other equitable relief as the court may find appropriate.

48. Ms. Blake is further entitled to reasonable attorney's fees and costs pursuant to ORS 659A.885.

## FOURTH CLAIM FOR RELIEF

**Violations of 42 U.S.C. 12181, et seq., Americans With Disabilities Act Against Curry Health District**

49. Ms. Blake re-alleges paragraphs 1 – 17 and 19 - 27 and incorporates said paragraphs herein by this reference.

50. At all times material herein Ms. Blake had a disability relating to her back within the meaning of the ADA. Her disability impaired her ability to engage in one or more major life activities, including but not limited to sitting and standing. Alternatively, Ms. Blake was regarded or perceived by CHD as having a physical impairment as defined by the ADA.

51. At all times material herein Ms. Blake was a qualified individual within the meaning of the ADA who, with reasonable accommodation, was able to perform work at CHD.

52. CHD engaged in unlawful intentional discrimination against Ms. Blake on the basis of her disability.

53. Ms. Blake's disability was either the sole factor, or was a motivating factor, in CHD's decision to terminate Ms. Blake.

54. On or about February 19, 2014, Ms. Blake filed an employment discrimination complaint with the Equal Employment Opportunity Commission (EEOC) for discrimination on the basis of her disability, Case No. 551-2014-00223.

55. On or about August 12, 2014, the EEOC issued a Notice of Right to File a Civil Suit in Case No. 551-2014-00223.

56. As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and continues to suffer, loss of employment from the date she was terminated on October 16, 2014 until June 9, 2014, reduction of income and added inconvenience at her new job, loss of income, and loss of employment benefits, including back pay in the amount of $50,871.33 plus benefits and front pay in an amount to be determined at trial.

57. As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and will continue to suffer emotional distress and the loss of enjoyment of life, and is entitled to an award of compensatory damages in the amount of $500,000.00.

58. CHD's conduct was outrageous in the extreme and in deliberate disregard of Ms. Blake's federally protected rights.  Ms. Blake is entitled to an award of punitive damages in the sum of $150,000.

59.   Ms. Blake is further entitled to such other equitable relief as the court may find appropriate.

60.   Ms. Blake is further entitled to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## FIFTH CLAIM FOR RELIEF

## Unlawful Employment Practice – ORS 659A.112, et. seq. – Disability Discrimination Against Curry Health District

61.   Ms. Blake re-alleges paragraphs 1 – 17, 19 - 27 and 50-53 above and incorporates said paragraphs herein by this reference.

62.   Ms. Blake is a disabled person otherwise qualified for positions at CHD with or without a reasonable accommodation under ORS 659A.115.

63.   CHD is an employer as defined under ORS 659A.106.

64.   CHD discriminated against Ms. Blake by terminating her based on his disability. CHD's discriminatory acts are in violation of Oregon law.

65.   As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and continues to suffer, loss of employment from the date she was terminated on October 16, 2014 until June 9, 2014, reduction of income and added inconvenience at her new job, loss of income, and loss of employment benefits, including back pay in the amount of $50,871.33 plus benefits and front pay in an amount to be determined at trial.

66.   As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and will continue to suffer emotional distress and the loss of enjoyment of life, and is entitled to an award of compensatory damages in the amount of $500,000.00.

67.   Ms. Blake is further entitled to such other equitable relief as the court may find appropriate.

68.   Ms. Blake is further entitled to reasonable attorney's fees and costs pursuant to ORS 659A.885.

## SIXTH CLAIM FOR RELIEF

**Violations of ORS.659A.199** *et. seq.,* **Whistleblowing (public and private) against Curry Health District**

69.   Ms. Blake re-alleges paragraphs 1 – 17 and 19 - 27 and incorporates said paragraphs herein by this reference.

70.   Ms. Blake was engaged in the protected activity of protesting mismanagement when her employment was terminated.

71.   As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and continues to suffer, loss of employment from the date she was terminated on October 16, 2014 until June 9, 2014, reduction of income and added inconvenience at her new job, loss of income, and loss of employment benefits, including back pay in the amount of $50,871.33 plus benefits and front pay in an amount to be determined at trial.

72.   As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and will continue to suffer emotional distress and the loss of enjoyment of life, and is entitled to an award of compensatory damages in the amount of $500,000.00.

73.   Ms. Blake is further entitled to such other equitable relief as the court may find appropriate.

74.    Ms. Blake is further entitled to reasonable attorney's fees and costs pursuant to ORS 659A.885.

## SEVENTH CLAIM FOR RELIEF

**Violations of ORS 659A.203 *et. seq.*, Whistleblowing (public employees) against Curry Health District**

75.    Ms. Blake re-alleges paragraphs 1 – 17 and 19 - 27 and incorporates said paragraphs herein by this reference.

76.    Ms. Blake was engaged in the protected activity of protesting mismanagement when her employment was terminated.

77.    As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and continues to suffer, loss of employment from the date she was terminated on October 16, 2014 until June 9, 2014, reduction of income and added inconvenience at her new job, loss of income, and loss of employment benefits, including back pay in the amount of $50,871.33 plus benefits and front pay in an amount to be determined at trial.

78.    As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and will continue to suffer emotional distress and the loss of enjoyment of life, and is entitled to an award of compensatory damages in the amount of $500,000.00.

79.    Ms. Blake is further entitled to such other equitable relief as the court may find appropriate.

80.    Ms. Blake is further entitled to reasonable attorney's fees and costs pursuant to ORS 659A.885.

//

## EIGHTH CLAIM FOR RELIEF

**Violation of ORS 441.174, Retaliation, against Curry Health District**

81. Ms. Blake re-alleges paragraphs 1 – 17 and 19 - 27 and incorporates said paragraphs herein by this reference.

82. Ms. Blake protested potential violations of laws, rules and professional standards of practices that posed risks to the health, safety and welfare of patients.

83. CHD harassed and eventually discharged Ms. Blake.

84. Upon information and belief, CHD retaliated against Ms. Blake for protesting violations of violations laws, rules and professional standards of practices that posed risks to the health, safety and welfare of patients.

85. As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and continues to suffer, loss of employment from the date she was terminated on October 16, 2014 until June 9, 2014, reduction of income and added inconvenience at her new job, loss of income, and loss of employment benefits, including back pay in the amount of $50,871.33 plus benefits and front pay in an amount to be determined at trial.

86. Ms. Blake is further entitled to such other equitable relief as the court may find appropriate.

87. Ms. Blake is further entitled to reasonable attorney's fees and costs pursuant to ORS 441.176.

//


//

*Page - 14 - Complaint*

## NINTH CLAIM FOR RELIEF

**Defamation against Curry Health District and Pamela Brown, Lora Maxwell, Andrew Bair, and Terri Tomberlin in their Individual Capacities**

88. Ms. Blake re-alleges paragraphs 1 – 17 and 19 - 27 and incorporates said paragraphs herein by this reference.

89. Ms. Blake attempted to mitigate the damage to herself by looking for a new job after her termination.

90. Upon information and belief, CHD made defamatory statements in bad faith and with malicious purpose about Ms. Blake to prospective employers after Ms. Blake's termination on October 16, 2013.

91. As a result of those defamatory statements, Ms. Blake was unable to secure employment equivalent to her job at CHD, and was unemployed for 236 days.

92. As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and continues to suffer, loss of employment from the date she was terminated on October 16, 2014 until June 9, 2014, reduction of income and added inconvenience at her new job, loss of income, and loss of employment benefits, including back pay in the amount of $50,871.33 plus benefits and front pay in an amount to be determined at trial.

93. As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and will continue to suffer, emotional distress and the loss of enjoyment of life, and is entitled to an award of compensatory damages in the amount of $500,000.00.

94. Ms. Blake is further entitled to such other equitable relief as the court may find appropriate.

95.    Ms. Blake is further entitled to such special economic damages as the court may find appropriate.

### TENTH CLAIM FOR RELIEF

### Wrongful Discharge at Common Law against Curry Health District

96.    Ms. Blake re-alleges paragraphs 1 – 17 and 19 - 27 and incorporates said paragraphs herein by this reference.

97.    Specifically, Ms. Blake was wrongfully disciplined and discharged for protesting violations of laws, rules of professional standards and practices that pose risks to the health, safety and welfare of patients.  She was summarily dismissed without adequate cause or explanation.

98.    As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and continues to suffer, loss of employment from the date she was terminated on October 16, 2014 until June 9, 2014, reduction of income and added inconvenience at her new job, loss of income, and loss of employment benefits, including back pay in the amount of $50,871.33 plus benefits and front pay in an amount to be determined at trial.

99.    As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and will continue to suffer, emotional distress and the loss of enjoyment of life, and is entitled to an award of compensatory damages in the amount of $500,000.00.

 100.   Ms. Blake is further entitled to such other equitable relief as the court may find appropriate.

//

## ELEVENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress against Curry Health District

101. Ms. Blake re-alleges paragraphs 1 – 17 and 19 - 27 and incorporates said paragraphs herein by this reference.

102. Defendant CHD terminated Ms. Blake in a manner intended to inflict emotional distress.

103. Defendants succeeded in causing Ms. Blake severe emotional distress.

104. Defendants' actions were an extraordinary transgression of the bounds of socially tolerable conduct.

105. As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and continues to suffer, loss of employment from the date she was terminated on October 16, 2014 until June 9, 2014, reduction of income and added inconvenience at her new job, loss of income, and loss of employment benefits, including back pay in the amount of $50,871.33 plus benefits and front pay in an amount to be determined at trial.

106. As a direct and proximate result of Defendants' conduct, Ms. Blake suffered and will continue to suffer, emotional distress and the loss of enjoyment of life, and is entitled to an award of compensatory damages in the amount of $500,000.00.

107. Ms. Blake is further entitled to such other equitable relief as the court may find appropriate.

//


//

*Page - 17 - Complaint*

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Susan Blake prays for a judgment against Defendant CHD as follows:

1) For an award of non-economic damages in the amount of $500,000.00;

2) For an award of economic damages for lost pay and benefits, including prejudgment interest, from the date of termination to the date of trial, in the amount of $50, 871.33 plus benefits and front pay in an amount to be determined at trial.

3) For punitive damages in an amount to be determined;

4) For Plaintiff's attorney fee and costs and disbursements incurred herein; and

5) For such other relief as the Court deems equitable.

DATED this <u>1st</u> day of October 2014.

<u>*s/ Loren W. Collins*</u>
Loren W. Collins, OSB 822213
e-mail: collins@stebbinsandcoffey.com
Stebbins Coffey & Collins
P.O. Box 1006
North Bend, OR  97459
Tel. 541.756.2066/Facsimile 541.756.2060
Attorneys for Plaintiff