IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SUSAN BLAKE,

             Plaintiff,

       v.

CURRY HEALTH DISTRICT;
ANDREW BAIR in his individual
capacity; LORA MAXWELL, in
her individual capacity; PAMELA
BROWN, in her individual capacity;
TERRI TOMBERLIN, in her individual
capacity,

             Defendants.
_____

Case No. 1:14-cv-1559-MC
OPINION AND ORDER

MCSHANE, Judge:

       Plaintiff Susan Blake ("Blake") brings this action against her former employer,

Defendant Curry Health District ("CHD"), and its officers. Blake's First Amended Complaint

brings claims for due process violations under 42 U.S.C. § 1983; age discrimination under 29

U.S.C. §§ 621 *et seq.* and ORS 659A.030; disability discrimination under 42 U.S.C. §§ 12181 *et

seq.* and ORS 659A.112 *et seq.*; whistleblowing under ORS 659A.199 *et seq.* and ORS

1 – OPINION AND ORDER

659A.203 *et seq.*; retaliation under ORS 441.174; as well as common law claims for defamation, wrongful discharge, and intentional infliction of emotional distress. *See* ECF No. 11. CHD filed a Motion for Partial Dismissal of Blake's First Amended Complaint for failure to provide timely notice of Blake's common law claims for intentional infliction of emotional distress and defamation pursuant to the Oregon Tort Claims Act ("OTCA"), ORS 30.275, and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See* ECF No. 14.

Blake's claim for intentional infliction of emotional distress against CHD is dismissed with prejudice for failure to provide CHD with timely notice of the claim as required by the OTCA. Blake has not pleaded sufficient facts to support her claim for defamation against CHD. Accordingly, Blake's claim for defamation is dismissed with leave to amend. Defendants' motion, ECF No. 14, is GRANTED in part and DENIED in part.

## BACKGROUND[1]

Plaintiff Susan Blake is a registered nurse with 38 years of experience. In August 2012, Blake was hired by Defendant CHD to serve as a nurse at Curry General Hospital in Gold Beach, Oregon. During her tenure with CHD, Blake alleges that she and many of her fellow nurses were subjected to "harassment, unnecessary discriminatory actions and a general hostile work environment."

On September 26, 2013, Blake was formally disciplined by CHD for allegedly verbally mistreating a patient and the patient's husband; physically mistreating a student nurse; and engaging in "unacceptable behavior with a trauma patient's family." On September 30, 2013, Blake submitted a written response to CHD, contesting the September 26, 2013 discipline.

---

[1] The Court takes all relevant facts in this opinion from the First Amended Complaint, ECF No. 11, unless otherwise noted.

Blake received no reply from CHD.  On October 16, 2013, Blake was terminated for "alleged additional misconduct."

Blake experienced difficulty in securing new employment following her termination.  On June 9, 2014, Blake was hired by the Humboldt Open Door Community Health Center in Arcata, California.  Blake's new position offers her less pay and inferior benefits compared to her previous position with CHD.

On November 13, 2013, Blake submitted a tort claim notice to CHD ("the November letter").  Tomberlin Decl. Ex. 1.  The November letter indicated that Blake intended to pursue claims for due process violations, wrongful discharge, whistleblowing, and discrimination based on age and disability.  *Id*.

On December 13, 2013, Blake sent a second letter to Defendants ("the December letter").  Collins Decl. Ex. 1.  The December letter reiterates and expands upon the allegations contained in the November letter, adding:

> Since her dismissal, Ms. Blake has heard various rumors about why she was fired.
> By way of example, one individual told Ms. Blake that there was a rumor she was
> fired for stealing medications.  It appears that this rumor mill has had a
> devastating effect in the relatively small health community.

Collins Decl. Ex. 1, at 1.

Blake commenced this action on October 1, 2014.  *See* ECF No. 1.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct.

3 – OPINION AND ORDER

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 679.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

### I. Oregon Tort Claims Act

As a public body, CHD is entitled to notice of claims against it under the OTCA, ORS 30.275. Defendants contend that Blake failed to provide timely notice of her common law claims for defamation and intentional infliction of emotional distress as required.

The OTCA provides, in pertinent part: "No action arising from any act or omission of a public body or an officer, employee or agent of a public body . . . shall be maintained unless notice of claim is given as required by this section." ORS 30.275(1). This notice must be given "within 180 days after the alleged loss or injury." ORS 30.275(2)(b). The plaintiff bears the burden of proving that notice of claim was given as required. ORS 30.275(7).

The OTCA can be satisfied by formal or actual notice. ORS 30.275(3). Formal notice must be in writing and contain:

> (a) A statement that claim for damages is or will be asserted against the public body or an officer, employee or agent of the public body;

> (b) A description of the time, place and circumstances giving rise to the claim, so far as known to the claimant; and
>
> (c) The name of the claimant and the mailing address to which correspondence concerning the claim may be sent.

ORS 30.275(4).

Actual notice is any communication by which the appropriate individual "acquires actual knowledge of the time, place and circumstances giving rise to the claim, where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employee or agent of the public body." ORS 30.276(6). Actual notice need not, however, convey actual knowledge "of the specific nature or theory of the claim." *Flug v. Univ. of Oregon*, 335 Or. 540, 553 (2003).

> It is clear from the text and context that, for the purposes of the OTCA notice of claim requirement, "actual notice" is a communication that (1) allows the recipient to acquire "actual knowledge of the time, place, and circumstances" that give rise to the specific claim or claims that the plaintiff ultimately asserts; and (2) would lead a reasonable person to conclude that the plaintiff has a general intent to assert *a* claim.

*Id*. at 554 (emphasis in the original).

A claimant need not provide the public body with "such detailed information that the public body can determine its liability from the face of the notice" without the need for further investigation. *Hughes v. City of Portland*, 255 Or. App. 271, 281-82 (2013). "The sufficiency of the [OTCA] notice given must be determined with the object of the statute in mind[.]" *Brown v. Portland Sch. Dist. No. 1*¸ 291 Or. 77, 81 (1981). "[T]he purpose of the Tort Claims Act notice sections is to give the public body timely notice of the tort claim and to allow its officers an opportunity to investigate matters promptly and ascertain all necessary facts." *Id*. at 81-82. "Because the purposes of the notice are to allow the public body to investigate the allegations and settle meritorious claims without litigation, . . . allegations that fail to suggest that a

particular party might assert a particular claim or that particular harms were suffered do not substantially comply with the notice requirement." *T.L. v. Sherwood Charter Sch.*, No. 3:13-cv-01562-HZ, 2014 WL 897123, at *16 (D. Or. Mar. 6, 2014).

In this case, both the November letter and the December letter listed a number of claims Blake intended to assert against Defendants. Neither letter explicitly included potential claims for defamation or intentional infliction of emotional distress. The issue is therefore whether either the November letter or the December letter provided CHD with actual knowledge of the time, place, and circumstances giving rise to her claims for defamation and intentional infliction of emotional distress.

## A. Defamation

Defamation requires 1) the making of a defamatory statement; 2) the publication of the defamatory material; and 3) a resulting special harm. *L&D of Oregon, Inc. v. American States Ins. Co.*, 171 Or. App. 17, 22 (2000).

As noted, neither letter explicitly addresses a potential defamation claim. The December letter does address "rumors" that were circulating about Blake's termination. Although the rumors are discussed specifically in the context of a potential due process claim for violation of Blake's liberty interest, the information was sufficient to convey actual knowledge of the "time, place, and circumstances" that might give rise to a defamation claim. I conclude, therefore, that CHD received timely actual notice of Blake's defamation claim on December 13, 2013.

## B. Intentional Infliction of Emotional Distress

Intentional infliction of emotional distress requires that 1) the defendant intended to inflict severe emotional distress on the plaintiff; 2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and 3) the defendant's acts constituted an extraordinary

6 – OPINION AND ORDER

transgression of the bounds of socially tolerable conduct. *McGanty v. Staudenraus*, 321 Or. 532, 543 (1995).

Once again, neither letter explicitly mentions intentional infliction of emotional distress. Nor do I find anything in either letter that might provide Defendants with actual notice of the time, place, or circumstances of such a claim. Neither letter mentions any severe emotional distress suffered by Blake, nor do they provide any indication that CHD committed some act that constituted an extraordinary transgression of the bounds of socially tolerable conduct. As in *T.L.*, Blake's letters "fail to suggest that a particular party might assert a particular claim or that particular harms were suffered." *T.L.*, 2014 WL 897123, at *16. Accordingly, I conclude that Blake's tort claim notice was insufficient as to her claim for intentional infliction of emotional distress.[2] Defendants' motion to dismiss that claim is GRANTED.

## II. Federal Rule of Civil Procedure 12(b)(6)

Defendants also move to dismiss Blake's claims for defamation and intentional infliction of emotional distress under Fed. R. Civ. P. 12(b)(6). As I have already dismissed Blake's claim for intentional infliction of emotional distress for failure to provide timely and adequate notice, I address only Blake's claim for defamation.[3]

As noted, to prevail on a defamation claim, a plaintiff must plead and prove 1) that the defendant made a defamatory statement; 2) the "publication" of the defamatory material; and 3) a resulting special harm, unless the defamatory statement gives rise to presumptive special harm. *L& D of Oregon, Inc*, 171 Or. App. at 22. A statement is defamatory if it subjects another to

---

[2] The First Amended Complaint alleges that something about the manner of Blake's termination gives rise to the claim for intentional infliction of emotional distress. The OTCA notice period therefore began to run on this claim on October 16, 2013, and has now elapsed.

[3] I note, however, that Blake's claim for intentional infliction of emotional distress shares many of the deficiencies of pleading found in the defamation claim.

hatred, contempt, or ridicule; tends to diminish esteem, respect, goodwill, or confidence in which the other is held; or excites adverse derogatory or unpleasant feelings or opinions against the other. *Reesman v. Highfill*, 327 Or. 597, 603 (1998); *Schliske v. Albany Police Dep't*, 617 F. Supp. 2d 1106, 1114 (D. Or. 2009). "To be actionable, a communication must be both false and defamatory." *Reesman*, 327 Or. at 603.

Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). In pleading her claim, a plaintiff need not make detailed factual allegations, but must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*.

> A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id*. at 664.

In this case, Blake alleges that "CHD made defamatory statements in bad faith and with malicious purpose about Ms. Blake to prospective employers after Ms. Blake's termination on October 16, 2013," and that, as a consequence, Blake had difficulty securing new employment. ECF No. 11. The First Amended Complaint is otherwise bare of factual allegations regarding

the alleged defamation.[4]  This is precisely the sort of "threadbare [recital] of a cause of action's elements" prohibited by *Iqbal*.  Defendants' motion to dismiss Blake's claim for defamation is therefore GRANTED and this claim is DISMISSED.  Blake shall have thirty (30) days from the date of this order to file an amended complaint containing sufficient factual allegations to meet the federal pleading standards.

## CONCLUSION

For the above reasons, Defendants' motion to dismiss, ECF No. 14, is GRANTED in part and DENIED in part.  Blake's claim for intentional infliction of emotional distress against CHD is dismissed with prejudice.  Blake's claim for defamation against CHD is dismissed with leave to amend.  Blake shall have thirty (30) days from the date of this order to file an amended complaint.

IT IS SO ORDERED.

DATED this  4th  day of June, 2015.


_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge

---

[4] The rumors that Blake was terminated for allegedly stealing medication, contained in the December letter and discussed above in the context of Blake's OTCA notice, do not appear in the First Amended Complaint.

9 – OPINION AND ORDER